This is an appeal from an order transferring the appellant's cases from juvenile court to the Morgan Circuit Court and District Court.
On January 26, 1988, a delinquency petition was filed against the appellant, P.R. The petition charged the appellant with eight counts of criminal conduct. Counts I and IV charged the appellant with unlawfully breaking and entering of a vehicle, in violation of § 13A-8-11(b), Code of Alabama (1975) (a class C felony). Counts II, V and VII charged the appellant with theft of property in the third degree, in violation of §13A-8-5, Code of Alabama (1975) (a class A misdemeanor). Counts III, VI and VIII charged the appellant with receiving stolen property in the third degree, in violation of § 13A-8-19, Code of Alabama (1975) (a class A misdemeanor).
On February 15, 1988, the District Attorney of Morgan County, Alabama, filed a petition to transfer the case against the appellant to Circuit Court. On March 8, 1988, a transfer hearing was held. As a result of this hearing, the judge ordered that Counts I through VI be transferred to the Circuit Court of Morgan County. He further ordered that counts VII and VIII, both misdemeanors which were not related to the felonies, be transferred to the District Court of Morgan County, Alabama.
The appellant subsequently filed a motion to reconsider the transfer of the cases out of the juvenile court system. On March 21, 1988, this motion was argued in open court and denied.
 I
The appellant contends that, with the exception of counts I and IV, which are the two felony counts, it was erroneous for the court to transfer the other six counts against the appellant from juvenile court to the criminal courts. Specifically, the appellant objects to the transfer of the six misdemeanor charges on the ground that there is no statutory authority which enables the court to transfermisdemeanor counts out of the juvenile court system. The appellant cites § 12-15-34(a)(1), Code of Alabama (1975), in support of his position.
At the time of this hearing, § 12-15-34(a), Code of Alabama (1975), read as follows:
 "(a) The prosecutor may, before a hearing on the petition on its merits and following consultation with probation services, file a motion requesting the court to transfer the child for criminal prosecution, if:
 "(1) The child was 14 or more years of age at the time of the conduct charged and is alleged to have committed an act which would constitute a felony if committed by an adult; or[1]
 "(2) The child is 14 or more years of age and is already under commitment to an agency, department or institution *Page 818 
as a delinquent."[2] Ala. Code § 12-15-34(a)(1) (2) (1975). (Emphasis added.)
In addition to transferring the case against the juvenile if he or she commits an act which amounts to a felony, the juvenile court can also transfer the case against the juvenile if he is already under commitment as a juvenile delinquent.
However, it is unclear from this record which subsection was used to transfer the several counts against this appellant. Thus, we are unable to address this issue and must remand the case to juvenile court for clarification as to which provision of law was used to transfer these cases against this appellant.
For the reasons shown, this cause is due to be and is hereby remanded with directions for a hearing. The trial court is directed to conduct a hearing with the appellant and counsel present. Following such hearing, a return shall be filed in this court containing the testimony and argument at such hearing. The return shall also contain a written order by the trial court with its findings on the issues presented.
REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] This subsection of the statute has subsequently been amended and the word "crime" has been substituted for the word "felony," effective June 1988.
[2] This subsection has been deleted from the statute, effective June 1988.
 ON RETURN TO REMAND